# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONALD RAYMOND BARBE,**

        Petitioner,

**v.**                                          **Civil Action No. 2:07cv25**
                                                         **(Judge Maxwell)**

**THOMAS MCBRIDE, Warden,**

        Respondent.

## REPORT AND RECOMMENDATION

On March 19, 2007, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. In the petition, Petitioner challenges a conviction and sentence imposed by the Circuit Court of Ohio County, West Virginia, on December 16, 1999, for two counts sexual assault in the first degree, two counts of incest, two counts sexual abuse by a custodian and two counts sexual assault in the second degree. Upon an initial review of the petition, the undersigned has determined that this is not the first time Petitioner has challenged this conviction and sentence under § 2254. Accordingly, the undersigned recommends that the instant petition be dismissed as successive for the following reasons.

**I. Standard of Review**

        Title 28 U.S.C. § 2244 (b) provides that:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as

> a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Because the Court is required to dismiss a second or successive § 2254 petition unless certain exceptions apply, the threshold question in this case is whether or not the instant petition qualifies as a "second or successive" petition under § 2244(b). See Stewart v. Martinez-Villareal, 523 U.S. 637, 642 (1998). However, § 2244(b) does not define what constitutes a "second or successive petition."

"That a prisoner previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'" Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (quoting Hill v. Alaska, 297 F.3d 895, 898 (9th Cir. 2002)). "Rather, the phrase 'is a term of art given substance . . . in prior habeas corpus cases.'" Id. (quoting Slack v. McDaniel, 529 U.S. 473, 486 (2000)). "Whether a later petition is considered 'successive' is guided by abuse of the writ principles." Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003) (citing Crouch v. Norris, 251 F.3d 720, 723-724 (8thCir. 2001)).

The abuse of the writ doctrine "refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." McCleskey v. Zant, 499 U.S. 467, 489 (1991). Under this common law doctrine, the Court "need not entertain a petition that abuses the habeas process." Esposito v. Ashcroft, 392 F.3d 549, 550 (2d Cir. 2004). The primary concerns behind the doctrine are judicial economy, finality of judgments, and the avoidance of piecemeal litigation. McCleskey, 499 U.S. at 491. Thus, "the abuse of the writ doctrine generally precludes inmates from relitigating the same issues in subsequent [habeas]

2

applications, or from raising new issues in subsequent habeas petitions." Griffin v. United States Parole Comm., 2003 WL 23961840 (E.D.Va. Nov. 19, 2003) (citing 28 U.S.C. § 2244(a) and McCleskey v. Zant, supra). Accordingly, the dismissal of a first federal habeas petition "is of 'vital relevance' to later court determinations of whether to consider similar petitions, and may be given 'controlling weight.'" Abdel-Whab v. Ridge, 2005 WL 551352 (E.D. Pa. March 3, 2005) (quoting McCleskey, 499 U.S. at 482).

## II. Analysis

On May 6, 2004, Petitioner filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in this Court. See 5:04cv53. In that petition, Petitioner stated that he was convicted in Ohio County West Virginia on December 16, 1999, of two counts of sexual assault in the first degree, two counts of incest, two counts of sexual abuse by a custodian and two counts of sexual assault in the second degree, for which he received consecutive sentences totaling 80-190 years imprisonment. The Respondent was directed to file a response to the petition and did so on September 10, 2004. Petitioner filed a reply on November 15, 2004.

On July 25, 2005, the undersigned issued a report and recommendation ("R&R") recommending that Petitioner's § 2254 petition be denied and dismissed with prejudice. In the R&R, each of Petitioner's claims was thoroughly reviewed on the merits. Petitioner filed objections to the R&R on September 12, 2005.

On September 28, 2005, the Honorable Irene M. Keeley, United States District Judge, conducted a *de novo* review of the pleadings, the R&R and Petitioner's objections. After another thorough review of Petitioner's claims, the Court overruled Petitioner's objections, affirmed the findings in the R&R, and denied Petitioner's § 2254 petition with prejudice.

3

Here, Petitioner's first § 2254 petition was clearly dismissed on the merits. In addition, Petitioner's current § 2254 petition challenges the same sentence as was challenged in his first § 2254 petition, and in fact, attempts to relitigate some of the same issues. Moreover, the grounds raised in the instant petition were available to Petitioner at the time his first § 2254 petition was filed and should have been raised at that time.[1] Thus, the undersigned finds that the current § 2254 motion is a second or successive motion and that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file a successive § 2254 petition in this Court. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2254, this Court is without authority to hear Petitioner's second federal habeas petition.

### III. Recommendation

For the reasons set forth in this Order, it is recommended that Petitioner's § 2254 Petition be DENIED and DISMISSED with prejudice as successive.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d

---

[1] To the extent that Petitioner attempts to rely on an affidavit by the victim recanting her trial testimony, that was purportedly signed on September 30, 2005, after his previous case was decided, it is noted that Petitioner has failed to provide such affidavit to the Court. Moreover, even if he had, this issue was already addressed by the Court in Petitioner's prior § 2254 petition, regardless of when the most recent affidavit was signed. See 5:04cv53, dckt. 21 at 1 n. 1, 21-22.

91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

    The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

    DATED: March 23, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE