IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONALD RAYMOND BARBE,**

        Petitioner,

v.                                                         Civil Action No. 2:07cv25

**THOMAS McBRIDE, Warden,**

        Respondent.

## ORDER

It will be recalled that on March 23, 2007, Magistrate Judge Seibert filed his Report and Recommendation, wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of the Report and Recommendation. Petitioner filed his objections to the Report and Recommendation on March 28, 2007. On May 27, 2008, counsel made an appearance on behalf of the Petitioner, and on May 28, 2008, counsel filed a Motion for Resolution of Objections, which motion expanded on Petitioner's earlier filed objections.

Upon examination of the report from the Magistrate Judge, it appears to the Court that the issues raised by the Petitioner in his Petition For Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, wherein Petitioner raises as grounds, among other things, violations of the Ex Post Facto clause, were thoroughly considered by Magistrate Judge Seibert in his Report and Recommendation. Upon consideration of the Petitioner's objections, the Court finds that the Petitioner has not raised any issues that were not throughly considered by the Magistrate Judge in his Report and Recommendation. More particularly, Petitioner claims that his Ex Post Facto claims

were not available for consideration during his previous petition, even though presented[1], as they had not been exhausted.

28 U.S.C. §2244 states that a claim presented in a successive habeas application that was presented in a prior application shall be dismissed, and, even if the claim was not presented in a prior application, it shall still be dismissed unless the applicant can show that the claim relies on a new rule of constitutional law made retroactive, or if the factual predicate for the claim could not have been discovered previously thorough the exercise of due diligence. In the instant matter, the Court finds, upon *de novo* review, that the Petitioner's claims of Ex Post Facto violations were available and could have been properly presented with the exercise of due diligence.

Petitioner has cited the cases of Stewart v. Martinez-Villareal, 532 U.S. 637 (1998), and Slack v. McDaniel, 529 U.S. 473 (2000), in support of his argument that this is not a second or successive petition. However, after careful review, the Court finds that both cases are distinguishable from the case at bar. In Stewart, 532 U.S. 637, the petitioner's second petition claimed that he was insane and therefore could not be put to death, an issue that was not ripe for review at the time of his original petition and could not have been, even with the exercise of due diligence, because the State had not yet issued the warrant for his execution. In the instant matter, the Petitioner's Ex Post Facto claims would have been ripe for review at the time of his original petition if he had exhausted his state remedies, something that was within his control to do and could

---

[1] Petitioner did not present his Ex Post Facto claims in his original petition, filed on May 6, 2004. Petitioner first presented these claims in his objections to the Magistrate Judge's Report and Recommendation on that original petition.

2

have been done with due diligence before proceeding to an adjudication on his original petition.  The unexhausted Ex Post Facto claims made the Petitioner's original petition a mixed petition as the remaining grounds were exhausted.  This distinguishes the instant matter from <u>Slack</u>, 529 U.S. 473, as the petition in the <u>Slack</u> case was dismissed entirely for failure to exhaust without an adjudication on the merits.  Here, the Petitioner could have moved to withdraw his mixed petition, exhausted the remaining claims, and returned with a new petition that would not have been successive.  However, the Petitioner did not choose to do so, and instead proceeded to an adjudication of the exhausted claims on the merits.  The Supreme Court has held that there is no basis to suppose that a petitioner with a mixed petition, who chooses to proceed to adjudication, may later file a subsequent petition claiming that it is not second or successive because his new claim was unexhausted at the time of his original petition.  <u>Burton v. Stewart</u>, 127 S.Ct. 793, 797.

Therefore, the Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in this action.  Therefore, it is

**ORDERED** that Magistrate Judge Seibert's Report and Recommendation be, and the same hereby is, accepted in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge.  Accordingly, it is

**ORDERED** that Petitioner's §2254 petition be, and the same hereby is, **DENIED** and **DISMISSED WITH PREJUDICE** as successive, and that the civil action be **STRICKEN** from the docket of this Court.  It is further

3

**ORDERED** that the Clerk shall enter judgment for the Respondent. It is further

**ORDERED** that all other pending motions in this civil action shall be, and the same hereby are, dismissed as moot. It is further

**ORDERED** that if Petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed in forma pauperis.

**ENTER:** May 29th, 2008

                                                                  **/s/ Robert E. Maxwell**
                                                               United States District Judge